IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE S. BASSETTE,<br><br>Defendant. | 8:23CR51<br><br>ORDER |

This case is before the court for determination of the mental competency of the defendant to stand trial, pursuant to 18 U.S.C. § 4241. On October 20, 2023, the court concluded that reasonable cause existed to believe the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court ordered that the defendant be placed in the custody of the Attorney General and transferred to one of the Bureau of Prisons' Federal Medical Centers to conduct a mental competency evaluation, and that a report should be presented to the Court upon completion of said evaluation. See 18 U.S.C. § 4241(b). (Filing No. 71).

On April 29, 2024, the court received the Psychological Evaluation from the Federal Bureau of Prisons, Metropolitan Detention Center, Chicago, Illinois. The evaluation concludes, "…it is our opinion that despite the presence of mental diseases and defect, namely, a personality disorder, substance abuse disorders, and a neurocognitive disorder, these mental diseases do not presently impair his ability to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. Therefore, it is the opinion of the undersigned evaluators that Mr. Bassette is competent to proceed at this time." On May 7, 2024, an evidentiary hearing was held before the undersigned magistrate judge. The defendant was present and represented by counsel, John Ekeh. The United States was represented by Assistant United States Attorney, Kathryn Pflug. The court took judicial notice of the Psychological Evaluation (Filing No. 82) without objection. Counsel for the parties were allowed to make offers of proof and argument.

I find by a preponderance of the evidence that the defendant is not presently suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable

to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.SC. § 4241(d). Accordingly, I find that this case should be further progressed.

**IT IS ORDERED:**

1. The defendant is competent to stand trial.

2. The defendant's oral motion for a continuance is granted without objection, and the case shall be set for trial before District Court Brian C. Buescher on **July 2, 2024, at 8:30 a.m.**

3. In accordance with 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice will be served by granting a continuance and outweigh the interests of the public and the defendant in a speedy trial. Any additional time arising as a result of the granting of a continuance, that is, the time between **today's date and July 2, 2024**, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act. Failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) & (B)(iv).

DATED this 7th day of May, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge